IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:16-CV-363-RJC-DCK

| | |
|---|---|
| JERRY L. LEONARD, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
|  | ) **RECOMMENDATION** |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 11) and "Defendant's Motion For Summary Judgment" (Document No. 13). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 11) be denied; that "Defendant's Motion For Summary Judgment" (Document No. 13) be granted; and that the Commissioner's decision be affirmed.

## I.   BACKGROUND

Plaintiff Jerry L. Leonard ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On or about August 27, 2012 and September 24, 2012, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, and for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning July 15,

2012. (Transcript of the Record of Proceedings ("Tr.") 14, 267, 274). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on or about March 7, 2013, and again after reconsideration on October 9, 2013. (Tr. 183, 189, 197, 205). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The claimant's condition was not severe enough to keep from doing any substantial gainful work, nor was it the cause of death. In deciding this, we considered how much condition had affected ability to work. We studied records, including the medical evidence and your statements, and considered age, education, training and work experience. On your application you stated that you were disabled because of two heat strokes, nerve damage, depression, anxiety, migraine headaches, dizziness, blurred vision. The medical evidence shows that your condition was not severe enough to be considered disabling.
>
> We realize that your condition prevented you from doing any of your past jobs, but it did not keep you from doing less demanding work. Based on your age, education, and past work experience, you could have done other work. It has been decided, therefore, that you are not disabled according to the Social Security Act. Your mental condition was not severe enough to be considered disabling. You were able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.

(Tr. 197).

Plaintiff filed a timely written request for a hearing on October 21, 2013. (Tr. 14, 215). On May 14, 2015, Plaintiff appeared in Hickory, NC and testified at a video hearing before Administrative Law Judge Thomas G. Henderson (the "ALJ"). (Tr. 14, 33-49). In addition, Arthur F. Schmitt, a vocational expert ("VE"), and Austen Jud, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on May 21, 2015, denying Plaintiff's claim. (Tr. 11-13, 14-26). On July 7, 2015, Plaintiff filed a request for review of the ALJ's decision which

2

was denied by the Appeals Council on October 4, 2016. (Tr. 1-4, 9). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on November 7, 2016. (Document No. 1). On January 11, 2017, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 11) and "Memorandum Of Law In Support Of Plaintiff's Motion For Judgment On The Pleadings Rule 12(c), F.R.Civ.P." (Document No. 12) were filed April 12, 2017; and "Defendant's Motion For Summary Judgment" (Document No. 13) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 14) were filed June 21, 2017. Plaintiff declined to file a response/reply brief, and the time to do so has lapsed. See "Social Security Briefing Order," Case No. 3:13-MC-198-FDW, (Document No. 1) (W.D.N.C. Dec. 23, 2013) (linked to docket on February 23, 2017).

On September 2, 2017, this matter was reassigned from the Honorable Richard L. Voorhees to the Honorable Robert J. Conrad, Jr., as presiding judge. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to Judge Conrad is now appropriate.

## II.   STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards.

Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between July 15, 2012, and the date of his

decision.[1] (Tr. 14). To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

5

1203.  In this case, the ALJ determined at the fifth step that Plaintiff was not disabled.  (Tr. 24-25).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since July 15, 2012, his alleged disability onset date.  (Tr. 16).  At the second step, the ALJ found that migraines, degenerative disc disease, and mood disorder were severe impairments.[2]  (Tr. 16).  At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1.  (Tr. 17-19).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform light work activity, with the following limitations:

> claimant can perform occasional postural activities;  cannot climb ladders, scaffolds, or ropes;  must avoid concentrated exposure to noise, vibrations, humidity, and hazards such as unprotected heights and dangerous moving machinery;  must avoid moderate exposure to heat;  and can perform simple routine repetitive tasks with low stress with no fast paced production work or required quotas.

(Tr. 19-20).  In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p."  Id.

At the fourth step, the ALJ held that Plaintiff could not perform his past relevant work.  (Tr. 24).  At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage.  See Bowen v. Yuckert, 482 U.S. 137 (1987).

6

jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 24). Specifically, the VE testified that according to the factors given by the ALJ, occupations Plaintiff could perform included a storage facility clerk, ticket taker, and coupon redemption clerk. (Tr. 25, 47-48). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between July 15, 2012, and the date of his decision, May 21, 2015. (Tr. 25).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ erred in failing to give proper weight to, and/or explaining the weight he gave to, the opinion evidence; (2) the ALJ erred in the RFC finding and by failing to adequately account for the severity of Plaintiff's migraine headaches; and (3) the ALJ erred in failing to find that Plaintiff's anxiety disorder was a severe impairment. (Document No. 12, p.3). The undersigned will address each of these contentions in turn.

**A.     Opinion Evidence**

In his first assignment of error, Plaintiff contends that the ALJ failed "to accord proper weight to the opinion evidence in the record," including the opinions of Plaintiff's "treating psychotherapist and the consultative psychological examiner, as well as the vocational rehab evaluation." (Document No. 12, p.9).

   1. Carolyn Clatfelter, MA, LPCA

Plaintiff first argues that the ALJ erred by according little weight to a letter written by Carolyn Clatfelter ("Clatfelter") on July 29, 2014. (Document No. 12, p.9). Plaintiff asserts that Clatfelter was his treating psychotherapist and notes that under the regulations she is an "other source" whose evidence "is used 'to show the severity of your impairment(s) and how it affects your ability to work.'" Id. (citing Tr. 884 and 20 C.F.R. § 404.1513(d)). Plaintiff concludes that

7

the ALJ failed to give proper weight to "this treating source opinion without articulation and consideration of the regulatory factors." (Document No. 12, p.10).

Defendant notes that the ALJ properly observed that Clatfelter is not an acceptable medical source. (Document No. 14, p.5) (citing 20 C.F.R. § 404.1513(a) and Tr. 24). Defendant then argues that the ALJ explicitly evaluated Clatfelter's letter, and therefore, Plaintiff's argument that the ALJ must consider her opinion is unavailing. Id.

The undersigned will include below the ALJ's statement regarding the Clatfelter opinion. Notably, the ALJ's decision not only cites the opinion letter Plaintiff attributes to Clatfelter, but also cites Clatfelter's notes, multiple times in the decision. See (Tr. 24) (citing Tr. 884). See also (Tr. 22-24) (citing Tr. 861-876 and 884).

> While Carolyn Clatfelter, MA, LPCA is not an opinion from a medically acceptable source, it is also not consistent with the claimant's other examination findings showing findings generally within normal limits and moderate GAF scores; thus, it is given little weight (Exhibit 28F).

Id.

Based on Defendant's arguments, and the fact the ALJ clearly acknowledged and cited to Clatfelter's opinion and notes, the undersigned is not persuaded there is any error with the consideration of this evidence. See (Document No. 14, pp.4-8). To the extent Plaintiff disagrees with the weight accorded this source, as noted in the standard of review, it is not for this Court to re-weigh the evidence.

2. <u>Crystal Bradshaw</u>

Next, Plaintiff argues that the ALJ failed "to give proper weight to the vocational rehabilitation evaluation in the record." (Document No. 12, p.10) (citing Tr. 878-880). Plaintiff notes that regulations require the Social Security Administration "to evaluate all the evidence in the case record that may have bearing on their determination or decision of disability, including

8

decisions by other governmental and nongovernmental agencies." (Document No. 12, p.11) (citing SSR 06-3p (quoting 20 CFR 404.1512(b)(5) and 416.912(b)(5))). Crystal Bradshaw ("Bradshaw") was an evaluator/job coach who completed an evaluation of Plaintiff on or about March 28, 2014. (Tr. 878-881). Plaintiff disagrees with the weight the ALJ gave the evaluation because he described it as a "one-time assessment primarily based on subjective factors and related history." (Document No. 12, p.11) (citing Tr. 24). Plaintiff contends this is false; that the evaluation was completed at the end of a two-month period where Plaintiff was observed for twenty-six days. Id. (citing Tr. 879).

In most pertinent part, Defendant asserts that Bradshaw is not only not an acceptable medical source, she is not a medical source at all. (Document No. 14, p.9). Defendant acknowledges Bradshaw and her colleagues might have vocational expertise, but argues that they have no medical expertise from which to opine as to Plaintiff's functional limitations. Id. Defendant also argues that the ALJ certainly knew Plaintiff had multiple visits to the rehabilitation clinic – but the ALJ's point was that Plaintiff was only assessed once. (Document No. 14, p.10).

The undersigned is not persuaded the ALJ erred here either. Rather, he addressed this evidence/opinion and explained why he gave it little weight. See (Tr. 24) (citing 878-881). In addition, the ALJ effectively cited other evidence in the record *from Clatfelter's treatment notes*, to further explain the weight he gave Bradshaw's evaluation:

> Moreover, it is very not consistent with the claimant's treatment records wherein the claimant admits to working at his own produce stand, making preparations for it such as driving to another city to obtain produce and making pies, and working at a vocational rehabilitation jobs wherein the claimant reported enjoying the work and having improved symptoms in conjunction to his work (see Exhibit 33F).

(Tr. 24) (citing 878-881).

3. Dr. Anthony Carraway

Plaintiff also contends that the ALJ erred by not giving proper weight to Dr. Carraway's consultative opinion regarding Plaintiff's mental limitations. (Document No. 12, pp.11-12). Plaintiff notes that Dr. Carraway stated on or about September 13, 2013, that "Mr. Leonard's 'current health concerns appear to cause him moderate to moderately significant difficulty with task persistence at this time.'" (Document No. 12, p.11) (quoting Tr. 805). Plaintiff concludes that "Dr. Carraway's opinion was entitled to more than the limited weight accorded to it by ALJ Henderson." (Document No. 12, p.12).

Defendant argues that the ALJ properly gave Dr. Carraway's assessment some weight, and explained his reasoning. (Document No. 14, pp.12-15). Moreover, the ALJ's RFC finding is largely consistent with Dr. Carraway's report. (Document No. 12, p.13). Defendant notes that "Dr. Carraway's overall assessment is indicative of moderate mental-health symptoms, and those are reflected in the ALJ's RFC finding." (Document No. 12, p.14). "In particular, the ALJ found that Plaintiff was limited to the performance of simple, routine, repetitive tasks with low stress and no fast-paced production work or required quotas." Id. (citing Tr. 20).

The undersigned observes that the ALJ specifically opined as follows:

> The opinion of Dr. Carraway is given some weight because it is somewhat consistent with the claimant's treatment records, examination findings showing a lack of any severe findings and generally findings within normal limits, and activities of daily living (Exhibit 20F).

(Tr. 23) (citing Tr. 800-805). As noted by Defendant, the ALJ elsewhere discussed record evidence regarding his RFC analysis. (Document No. 14, p.12); see also (Tr. 21-23) (citing Tr. 800-805). In fact, the ALJ specifically discussed Dr. Carraway's findings in another part of his decision:

> Anthony Carraway, M.D. examined the claimant in September 2013 (Exhibit 20F). Upon examination, the claimant had no evidence of delusions or perceptual disturbances. He generally had intact remote memory, intact recent memory, intact short-term memory, and intact immediate memory. In addition, he was able to perform serial 7s, and was able to sustain concentration and attention. He was assessed with a mood disorder and GAF range of 53-58, which indicates moderate symptoms.

(Tr. 21-22) (citing Tr. 800-805).

The undersigned finds that Plaintiff's alleged error is again without merit. It appears that the ALJ properly considered Dr. Carraway's opinion. As with the other opinions discussed above, the undersigned agrees with Defendant that "Plaintiff has not demonstrated that the evidence supports functional limitation in excess of the ALJ's RFC finding or any other allegedly harmful error." (Document No. 14, p.14).

**B.    RFC**

Next, Plaintiff challenges the ALJ's RFC finding. (Document No. 12, pp.12-15). Plaintiff argues that the ALJ failed to adequately account for the severity of Plaintiff's headaches. Id. He asserts that he is unable to work due to severe pain and that the ALJ has mischaracterized the effectiveness of treatment. (Document No. 12, pp.13-14). Plaintiff further asserts that he provided credible testimony illustrating his inability to work, and that the ALJ has mistakenly equated his ability to engage in some activities as an ability to work full time. (Document No. 12, pp.13-15).

In response, Defendant asserts that substantial evidence supports the ALJ's RFC finding. (Document No. 14, pp.15-20). Defendant contends that Plaintiff's arguments to the contrary – regarding headaches, credibility, and ADLs – are "unavailing." (Document No. 14, p.15). "The Fourth Circuit has established that it is within the province of the ALJ to reconcile inconsistencies in the evidence, that the claimant bears the risk of nonpersuasion, and that the ALJ's determination

11

Case 1:16-cv-00363-RJC-DCK   Document 15   Filed 01/24/18   Page 11 of 15

concerning credibility are to be given great weight." Id. (quoting Rode v. Colvin, 1:13-CV-252-GCM, 2014 WL 6617261, at *2 (W.D.N.C. Nov. 21, 2014)).

The undersigned finds that Defendant effectively rebuts Plaintiff's concerns, noting that "Plaintiff has not satisfied his burden of proving that headaches functionally limited him in excess of the ALJ's RFC finding." (Document No. 14, p.18). Defendant further notes that "[u]ltimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Id. (quoting Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)).

Defendant also effectively observes that the ALJ did not rely solely on Plaintiff's ability to perform ADLs in assessing RFC and credibility, but considered the ADLs as one factor. (Document No. 14, p.19) (citing Tr. 22-23).

The undersigned finds the following excerpts from the ALJ decision, with citations to the record, to be helpful in this analysis:

> Of note, his treatment records show that he had a produce stand called Bended Knee Farmers that he owned and operated (see Exhibit 33F). He is able to make pies, get produce from Asheville, maintain a web page on Facebook, and make butter and chow chow for his stand (Exhibit 33F). Treatment notes from February 2014 noted that the claimant had a production job at vocational rehab, and noted that he could not take time off to go on a cruise with his wife and was upset that he had to take care of his kids during that time. Specific treatment notes from March 2014 show that the claimant's work has been positive for his mood and self-esteem. In January 2015, the claimant reported he had "a big Christmas party" for friends and planned to play in a baseball game honoring a deceased coach (Exhibit 33F).
> . . .
> As for his migraine headaches, the claimant himself admitted in the record that his episodes had improved with Botox injection therapy and that brain scans generally showed findings within normal limits (Exhibits 1F; 24F; 30F; 3lF). Examination findings were also generally within normal limits wherein the claimant had normal gait and full ranges of motion. In regards to his mental impairment,

> while the claimant alleges having depression symptoms, generally he had mental status examination findings within normal limits (Exhibits 7F; 10F; 13F; 14F; 20F; 21F; 26F; 28F; 33F). His allegations as to being disabled physically and mentally are belied by his activities of daily living, namely his ability to mow the lawn, drive a car, go shopping, hunt with his sons, perform household chores, maintain a business web page, and work at his produce stand as well as with his vocational rehabilitation work (Exhibits 3E; 6E; 9E; 33F). He has not been advised to refrain from performing all gainful work activity due to his physical or mental impairments from a treating physician.

(Tr. 21 – 22).

In short, the undersigned finds that the ALJ has adequately supported his RFC finding with substantial evidence of record.

**C.   Anxiety Disorder**

Finally, Plaintiff argues that the ALJ erred by failing to find that Plaintiff's anxiety disorder is a severe impairment. (Document No. 12, pp.15-16). Moreover, Plaintiff contends that the ALJ failed to adequately explain his reasoning. <u>Id.</u> The undersigned notes that the ALJ specifically opined that:

> The above cited impairments are severe because they significantly limit (have more than a minimal effect on) the claimant's ability to perform basic work activities.
> Despite the claimant's expressive aphasia, carotid plaque, gastro esophageal reflux disease, sinusitis, dyslipidemia, syncope due to heat exposure, medial meniscus tear in the knee, right ankle strain, **anxiety disorder**, heart stroke/sunstroke, gastroenteritis, allergies, follicular cysts, obesity, and hyperlipidemia, **the resulting limitations did not last longer than twelve months during the period at issue, and/or they did not cause significant limitations in the claimant's ability to perform basic work functions**; **thus, they are non-severe** (see Exhibits 1F-4F; 9F; 11 F; 15F; 16F; 18F; 19F; 22F; 23F; 36F).

(Tr. 16-17) (emphasis added).

Plaintiff suggests it was not enough to list the anxiety order along with a group of other conditions he determined were non-severe.  Id.  Plaintiff contends that Plaintiff's anxiety was treated along with his depression, which was found to be severe;  and that state agency medical consultants found his anxiety to be severe.  (Document No. 12, pp.15-16) (citing Tr. 102, 120, 143, 168).

In response, Defendant argues that if there is an error here, it is harmless because "Plaintiff has not satisfied his burden of proving that remand would lead to a different result."  (Document No. 14, p.20) (citing Shineski, 556 U.S. at 409-410;  Garner, 436 Fed.Appx. at 226 n.*;  Keever, 2012 WL 2458367, at *7).  Defendant asserts that the ALJ's mental-RFC finding was consistent with the assessments of the State-agency psychological consultants.  Id.  Specifically, the finding that Plaintiff was "limited to simple, routine, repetitive tasks with low stress and with no fast-paced production work or required quotas, was in line with Dr. Fulmer and Dr. Mullen's opinions.  (Document No. 14, pp.20-21) (citing Tr. 20, 108, 126, 150-51, and 173-74).

Defendant also asserts that the limitation to "low stress" is particularly suited to accommodate anxiety;  and that Plaintiff has made no showing or allegation that the consultants' opinions indicate or support functional limitation in excess of the ALJ's RFC finding.  (Document No. 14, p.21).

The undersigned finds Defendants arguments and authority on this point to be persuasive. As noted above, Plaintiff had the opportunity to file a reply brief by which he could address any error in Defendant's reasoning or authority, but declined to do so.

## IV.    CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the

14

Case 1:16-cv-00363-RJC-DCK    Document 15    Filed 01/24/18    Page 14 of 15

Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 11) be **DENIED**; "Defendant's Motion For Summary Judgment" (Document No. 13) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: January 23, 2018

David C. Keesler
United States Magistrate Judge