UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-00363-RJC-DCK

| | |
|---|---|
| JERRY L. LEONARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| NANCY A. BERRYHILL,[1] Acting ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Jerry L. Leonard's ("Plaintiff's") Motion for Summary Judgment, (Doc. No. 11); his Memorandum in Support, (Doc. No. 12); Nancy A. Berryhill's ("Defendant's") Motion for Summary Judgment, (Doc. No. 13); her Memorandum in Support, (Doc. No. 14); and the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 15), recommending that this Court grant Defendant's motion. Plaintiff has filed an objection to the Magistrate Judge's M&R, (Doc. No. 16). [2]

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill has been substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

[2] Defendant has not responded to Plaintiff's objections and the time for doing so has expired. FED. R. CIV. P. 72(b)(2).

## I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the procedural or factual background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72, advisory committee note).

When reviewing social security cases on appeal, the Court must decide whether substantial evidence supports the final decision of the Commissioner and whether

the Commissioner fulfilled his lawful duty in his determination that Plaintiff was not disabled under the Social Security Act.  See 42 U.S.C. §§ 405(g) and 1382(c).

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam).  The District Court does not review a final decision of the Commissioner de novo.  Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).  As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence….").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner,

assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome–so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

Plaintiff argues that the Court should remand the Commissioner's decision because the ALJ erred when he: (1) failed to afford appropriate weight to the opinion evidence within the record; (2) found that Plaintiff could perform "Light Work" despite the limiting effects of his migraines; and (3) failed to find that Plaintiff's anxiety disorder was a severe impairment. (Doc. No. 12). In his M&R, the Magistrate Judge did not find Plaintiff's arguments persuasive and recommended this Court grant Defendant's Motion. (Doc. No. 15).

Though the Court agrees with the Magistrate Judge's M&R, it will review the issues raised in Plaintiff's objections de novo. Specifically, Plaintiff objects to the M&R's conclusion that the record did not support the fact that Plaintiff's migraines would negatively impact his ability to work and remain on task throughout the work day. Plaintiff also argues that the M&R improperly analyzed the amount of weight the ALJ afforded to Ms. Clatfelter, Plaintiff's treating psychotherapist. Finally, Plaintiff objects to the M&R's assessment of Dr. Carraway's findings as a consultative opinion.

A.  The M&R Properly Concluded That the ALJ's Decision Adequately Accounted for the Limiting Effects of Plaintiff's Migraines.

In his M&R, the Magistrate Judge found that the ALJ properly took into account Plaintiff's migraines when determining his residual function capacity ("RFC"). (Doc. No. 15 at 11–12). The M&R emphasized the role of the ALJ when conflicting evidence exists within the medical record. The M&R quotes Defendant's brief, which stated that, "[u]ltimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." (Doc. No. 15 at 12) (quoting (Doc. No. 14 at 18) and Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990)). The M&R then concluded that Plaintiff failed to meet his burden to prove that his headaches limited him in excess of the assigned RFC. (Id.).

Plaintiff responds to the M&R by stating that substantial evidence in the record supports the fact that Plaintiff's migraines reduce his "ability to attend work consistently and remain on-task to the extent required by competitive employment, eve with medications and injections." (Doc. No. 16 at 1). In support of this argument, Plaintiff cites his own testimony as well as the medical record, which documents an emergency room visit in April of 2015 for a migraine that lasted 11 days. (Id. at 1–2). Plaintiff also points to other evidence within the record that documented his inability to go headache-free for the majority of a given month. (Id. at 2).

Plaintiff's arguments are unavailing. Although there is record evidence that if considered alone and given great credibility, could support Plaintiff's view, the ALJ reading is supportable.

To begin with, the ALJ incorporated limits resulting from Plaintiff's migraines into the RFC. For instance, the ALJ noted that Plaintiff repeatedly complained of a headache resulting from heatstroke. (Tr. 20). So, the ALJ limited Plaintiff's RFC to avoiding moderate exposure to heat. (Id.). The ALJ also noted that Plaintiff's migraines were triggered by noise. (Id.). Again, that limitation was incorporated into the RFC by limiting Plaintiff's RFC from constant exposure to noise. (Tr. at 19).

In his objections, Plaintiff cites pages in the record claiming that substantial evidence refutes the ALJ's conclusion. (Doc. No. 16 at 2). Even if the Court were to second guess the ALJ's role in weighing conflicting evidence, Plaintiff merely cites portions of the record where professionals summarized Plaintiff's own complaints. (Id.) (citing Tr. 631, 739, 810). Plaintiff's citations are hardly persuasive when the ALJ already found that his testimony was not credible. (Tr. 20). Plaintiff fails to cite the diagnosis of credible medical professionals. One citation to a vocational exert is hardly sufficient.

B. The M&R Properly Concluded That The ALJ's Decision Adequately Assessed the Opinions of Carolyn Clatfelter and Dr. Carraway.

Next, Plaintiff objects to the M&R's conclusion that the ALJ properly weighed the opinions of Ms. Carolyn Clatfelter and Dr. Carraway. For the reasons discussed below, the Court agrees with the Magistrate Judge and the Commissioner.

1. Ms. Clatfelter's Opinion

In his decision, the ALJ assigned Carolyn Clatfelter, MA, LPCA little weight. (Tr. 24). The ALJ stated that not only was Clatfelter not a medically acceptable source, but that her findings were inconsistent with other relatively normal findings

within the medical record. (Id.). The ALJ previously summarized these normal limitations earlier in the decision. (Tr. 20–21). As Defendant points out, Ms. Clatfelter's opinions—that of a professional counselor associate—has minimal probative value outside her expertise in psychological therapy. (Doc. No. 14 at 6). Plaintiff asserts that the ALJ gave a conclusory analysis of Ms. Clatfelter's opinion. (Doc. No. 16 at 2). While the ALJ's reasoning is relatively short, the brevity of reasoning is permissible considering that the decision already recounted the normal limitations found elsewhere in the record. Finley v. Astrue, No. 5:08-CV-209-D(1), 2009 WL 2489264, at *10 (E.D.N.C. Aug. 13, 2009) ("[T]he ALJ could arguably have discussed certain evidence more extensively or organized portions of his analysis more effectively, these considerations do not invalidate the ALJ's decision …. so long as the decision, 'read as a whole,' demonstrates that the ALJ considered the appropriate factors in reaching a conclusion.").

    2.  Dr. Carraway's Opinon

Plaintiff's last objection criticizes the weight the ALJ assigned to Dr. Carraway's opinion from a consultative psychological evaluation. The ALJ assigned Dr. Carraway's opinion "some weight" because it was only somewhat consistent with the medical record. (Tr. 23). Plaintiff objects to the ALJ's RFC saying that, while Dr. Carraway found mild-to-moderate interpersonal difficulties, (Tr. 805), the RFC omits corresponding limitations to Plaintiff's social functioning. (Doc. No. 16 at 3).

The Court notes that Plaintiff is correct that the RFC omits any limitation in Plaintiff's social functioning. (Tr. 19–20). However, this is appropriate considering

that the ALJ only found mild limitations in Plaintiff's social functioning. (Tr. 18). The ALJ specifically noted during Step Three that Plaintiff was able to respect authority figures and maintain personal relationships. (Id.). Furthermore, during the RFC analysis, the ALJ explained that the record was scattered with Plaintiff's considerable amount of social interactions. Plaintiff had a produce stand, maintained a production job, reported that he had a large Christmas party for friends, and he planned on playing in a baseball game honoring a deceased coach. (Tr. 21).

The Court cannot conclude that the ALJ's assignment of weight to Dr. Carraway's opinion lacked sufficient reasoning. The ALJ not only referenced the findings of relatively normal limitations as he did with Ms. Clatfelter's opinion, he also referenced Plaintiff's daily living activities which illustrate that Plaintiff had little to no problems with social interaction.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **DENIED**;
2. Defendant's Motion for Summary Judgment, (Doc. No. 13), is **GRANTED**;
3. The Magistrate Judge's Memorandum and Recommendation, (Doc. No. 15) is **AFFIRMED**; and
4. The Clerk of Court is directed to close this case.

Signed: March 7, 2018

Robert J. Conrad, Jr.
United States District Judge